IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH ZLOZA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE INDUSTRIAL COMPANY, ET AL.,<br><br>　　　　Defendants. | **ORDER ADOPTING REPORT & RECOMMENDATION**<br><br>4:23-cv-17-RJS-PK<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Paul Kohler |

　　　　This case was referred from the undersigned to Magistrate Judge Paul Kohler under 28 U.S.C. § 636(b)(1)(B). On March 6, 2023, during the time of that referral, Judge Kohler prepared a Report & Recommendation[1] recommending denial of Plaintiff Joseph Zloza's Motion filed pursuant to 28 U.S.C. § 1915, for Permission to Proceed In Forma Pauperis.[2] Judge Kohler recommended the Motion be denied on the grounds that Zloza failed to make the requisite showing of a financial inability to pay the filing fee.[3] Four weeks later, Zloza has not objected to that Report & Recommendation.

　　　　The applicable standard of review in considering a magistrate judge's report and recommendation depends on whether a party lodges both a timely and specific objection to it.[4] De novo review applies when a party files an objection within fourteen days that is "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in

---

[1] Dkt. 4, *Report & Recommendation.* After the Report & Recommendation was filed and served, Zloza consented to Magistrate Judge Paul Kohler presiding over the action.

[2] Dkt. 1.

[3] Dkt. 4.

[4] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

1

dispute."[5]  In those instances, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[6]

Under the Tenth Circuit's "firm waiver" rule, where there is no timely and specific objection, appellate review of both factual and legal questions has been waived.[7]  A party must make both timely and specific objections to a magistrate judge's report "to preserve an issue for de novo review by the district court or for appellate review."[8]  A court may choose not to apply the firm waiver rule "when the interests of justice so dictate."[9]  Even still, this court generally reviews unobjected-to portions of a report and recommendation for clear error.[10]

The undersigned finds no reason not to apply the firm waiver rule in this case.  Zloza has filed no objection at all to Judge Kohler's Report & Recommendation.  It is true that Zloza proceeds pro se.  And while the court "liberally construe[s] pro se pleadings, . . . pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[11]  This principle applies with force here where Judge Kohler in his Report & Recommendation warned Zloza:

---

[5] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); Fed. R. Civ. P. 72(b)(2).

[6] Fed. R. Civ. P. 72(b)(3) (emphasis added); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." (citations omitted)).

[7] *One Parcel of Real Prop.*, 73 F.3d at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[8] *Id.* at 1060.

[9] *Moore*, 950 F.2d at 659 (citations omitted) (joining other courts to conclude the firm waiver rule need not apply to pro se litigants who were not advised of the consequences of any failure to object).

[10] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error." (citations omitted)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Court for N. Dist. Of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

[11] *Ogden v. San Juan Cty.,* 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

> Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.[12]

Accordingly, any objection to Judge Kohler's recommended denial of Zloza's Motion has been waived. But even if not, the undersigned finds Judge Kohler's analysis to be correct and free from error.

Based on the foregoing:

1. The undersigned ADOPTS Judge Kohler's Report & Recommendation[13] in full and DENIES Zloza's Motion for Permission to Proceed In Forma Pauperis.[14]

2. Zloza shall have thirty (30) days from the entry of this Order to pay the full $402 filing fee. Failure to do so within thirty days will result in dismissal of this action without prejudice.

SO ORDERED this 3rd day of April, 2023.

BY THE COURT:

ROBERT J. SHELBY
Chief United States District Judge

---

[12] Dkt. 4 at 2-3.

[13] Dkt. 4.

[14] Dkt. 1.